## VAN PELT vs. KIMBALL and others.

In an action to foreclose a mortgage given to the plaintiff's assignor in 1857, to secure a note for $3000, with interest at the highest rate allowed by law, the mortgagor answered that the sole consideration of the note and mortgage was in fact a loan of $2000 from the plaintiff to him; that he had paid certain amounts as interest thereon, and had executed his note to plaintiff in 1860 for $1000 additional interest, and secured the same by mortgage on other lands; and that a suit was pending in the U. S. court for the district of Wisconsin, brought by

said plaintiff to foreclose said second mortgage, in which the mortgagor had set up the facts alleged in this answer as a defense. Afterwards the mortgagor asked leave to file a supplemental answer, alleging that the U. S. court had dismissed the suit to foreclose said $1000 mortgage, and had found that the averments of his answer therein were true. *Held*, that the facts set up in the proposed supplemental answer would constitute a good estoppel as against the plaintiff, and would be conclusive in this action upon the question of usury; and that the circuit court erred in refusing leave to file said answer.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage, commenced in September, 1862. The mortgage was executed by *R. N. Kimball* to Ira Kimball, December 9, 1857, to secure a note of the same date for $3000, payable three years from date, with interest at twelve per cent. The complaint alleges that the note and mortgage were duly transferred and assigned to the plaintiff, December 16, 1857, in consideration of the sum of $3000. It also avers default in the payment of any part of the principal and interest, except the interest to December 9, 1860.

The defendant *R. N. Kimball* answered that he executed the note and mortgage for the purpose of having said Ira Kimball sell them to the plaintiff and raise money on them for his (said defendant's) benefit; that accordingly, on the 16th of December, 1857, said Ira sold them to the plaintiff for $2000, a part of which was received by said defendant directly from the plaintiff and $1000 of it in a bank certificate of deposit payable to and indorsed by Ira Kimball; that there was no consideration for the note and mortgage as between said defendant and Ira Kimball, and said $2000 was the sole consideration therefor paid by the plaintiff; that at the time the plaintiff paid or loaned said $2000 and took the assignment of the note and mortgage, he knew that they were made and delivered to Ira Kimball without any consideration and for the purpose of being sold to the plaintiff or some other person at less than the face of the note, and thus procuring money for the sole use of the defendant, and also knew that said Ira acted merely as the agent for the defendant in making such assignment

and raising such money; that these means of raising said money were resorted to merely to cover the usurious character of the transaction; and that the whole transaction was, in fact, a loan of $2000 to the defendant and by the plaintiff at a rate of interest greater than twelve per cent., &c. The answer further alleges that on the 28th of October, 1859, defendant paid on said note $150, and on the 24th of December, 1860, executed to plaintiff a note for $1000, dated December 9, 1860, payable one year from date with ten per cent. interest, and secured by a mortgage upon other lands than those described in the mortgage here in suit; that about the same time he paid plaintiff $37, which, together with said $1000 note, was received by plaintiff in payment of interest which he claimed to be then due on the $3000 note first described, the amount being computed by reckoning interest upon interest at twelve per cent. from the time the same became due annually, until April 10, 1860, and from that time at ten per cent. The answer then alleges that before the commencement of this action, the plaintiff had commenced a suit in the district court of the United States for the district of Wisconsin, to foreclose the mortgage given to secure said $1000 note, which suit was still pending; that the defendant had answered the bill in that action, setting up in substance that said note was given for usurious interest and was void. The answer further denies that there is due the plaintiff on his note and mortgage any greater sum than the balance of the $2000 after deducting the payments made, including the $1000 note, such balance being only $813; or, if said United States court should decide that defendant had a good defense to said $1000 note, and should render final judgment accordingly, then there would be due on the note and mortgage here in suit $1813. The defendant therefore prays for a continuance of this action until a determination of said suit in the United States court, and for other relief.—The plaintiff replied in denial.

In May, 1863, said defendant applied for leave to file a sup-

plemental answer, which was in substance as follows : That the action to foreclose the mortgage given by him to secure his note for $1000 above described, was, by operation of law, transferred to the circuit court of the United States for the district of Wisconsin; that said defendant answered the bill of complaint therein, setting up as a defense thereto the making of the note and mortgage mentioned in the complaint in this action, the assignment of them to the plaintiff, his payment therefor, to defendant, of $2000 and no more, and that such transaction was in fact a loan from plaintiff to defendant, of $2000 at a rate of interest greater than 12 per cent. per annum, and that such transaction was usurious, and the note and mortgage void except for the $2000 actually loaned, less the amount since paid thereon ; that in fact there was the same issue made in said action in the United States court as is made in this action, as to the usuriousness of said loan and said note and mortgage, and the assignment thereof to the plaintiff; that said United States court, on the 20th of April, 1863, decreed in said action that the plaintiff's bill be dismissed with costs, and found and decided that the defense set up in said action, as above stated, was true. The defendant therefore pleads said decree as a bar to the plaintiff's demand upon the note and mortgage for $3000, except as to the sum of $2000, and also as estopping him from claiming more than said sum, and relies upon the payment set up in his original answer to reduce said sum to $1813. The motion for leave to file the supplemental answer was not heard until May, 1864, when it was denied; and from this order the defendant appealed.

*Jason Downer*, for appellant, cited *Gardner v. Buckbee*, 3 Cow., 120; *Doty v. Brown*, 4 Coms., 72, and cases there cited.

*Mat. H. Carpenter*, for respondent, to the point that the decree in the suit brought in the U. S. court was not a bar to this action, because the matter in issue by the record there was not the same as here, cited *King v. Chase*, 15 N. H., 1.

*By the Court*, COLE, J.   It appears to us that the matters stated in the supplemental answer constitute a good estoppel, and are therefore conclusive in this action upon the question of usury.   For the very question necessarily decided in the suit in the United States court was, whether the note and mortgage for $3000 were usurious.   This was the point necessarily and inevitably decided in that suit.   The answer shows that in the cause in the United States court the respondent sought to fore-close a mortgage given for interest accruing on the mortgage now in suit, and that the appellant alleged in his defense to that mortgage that the mortgage in this suit was usurious. What then must have been the point decided in that suit ?   Ob-viously whether or not the mortgage in this suit was usurious. That was the material point in issue.   Only by establishing the fact that this mortgage was usurious, could the appellant suc-ceed in the United States court in his defense to that action. That mortgage was void because this was tainted with usury. It was given for interest upon an usurious loan; therefore it was adjudged void.   But it is said that the decree of the United States court in which it was adjudged that the mort-gage for the interest was void, is not conclusive in this action upon the question of usury in respect to this mortgage, be-cause the two suits are not for the same subject matter.   We think this is giving to that decree quite too limited an effect. True, there the respondent sought to recover the interest, while here he seeks to recover the principal, of an usurious loan. The defense to both is the same, namely, that the original transaction was subject to the penalties of usury.   That, being the point in issue in the former suit, is not open to controver-sy in this.   For it is a settled principle of law, that the same point or question, when once litigated and settled by a judg-ment thereon, shall not again be contested in any subsequent controversy between the same parties depending on that point or question.   See *Doty v. Brown*, 4 Comstock 71, and cases there cited.

We think the circuit court should have permitted the appellant to file the supplemental answer.

The order denying the motion for leave &c., is therefore reversed, and the cause remanded for further proceedings.